No. 110,498

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

LaDonna R. Johnson,
*Appellant*,

and

Hal J. Johnson,
*Appellee*.

SYLLABUS BY THE COURT

1.

The interpretation and application of the Kansas Child Support Guidelines are questions of law subject to unlimited review.

2.

K.S.A. 2013 Supp. 23-3005(b), which governs the extent that a modification of child support can be applied retroactively, does not prohibit the district court from assessing a sanction under the Kansas Child Support Guidelines § V.B.2. (2013 Kan. Ct. R. Annot. 144) for a parent's failure to disclose a material change of circumstances.

3.

The district court's decision of whether to assess a sanction under Section V.B.2. of the Kansas Child Support Guidelines is discretionary. However, the district court may assess a sanction under Section V.B.2. of the guidelines for a parent's failure to disclose a material change of circumstances, even if the failure to disclose is not willful.

1

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed August 15, 2014. Reversed and remanded with directions.

*Charles F. Harris*, of Law Office of Charles F. Harris, of Wichita, for appellant.

*Patrick C. Blanchard*, of Young, Bogle, McCausland, Wells & Blanchard, P.A., of Wichita, for appellee.

Before MALONE, C.J., POWELL and SCHROEDER, JJ.

MALONE, C.J.:  LaDonna R. Johnson (LaDonna) appeals the district court's ruling on her post-divorce motion to modify child support and to determine an arrearage in child support and spousal maintenance. LaDonna claims the district court erred by ruling that K.S.A. 2013 Supp. 23-3005(b), which governs the extent that a modification of child support can be applied retroactively, prohibits the district court from assessing a sanction under the Kansas Child Support Guidelines (the guidelines) § V.B.2. (2013 Kan. Ct. R. Annot. 144) for a parent's failure to disclose a material change of circumstances. She also claims the district court erred by ordering that interest would not immediately accrue on a judgment for past due child support and spousal maintenance.

We agree with LaDonna and hold that K.S.A. 2013 Supp. 23-3005(b) does not prohibit the district court from assessing a sanction under Section V.B.2. of the guidelines for a parent's failure to disclose a material change of circumstances. However, the district court's decision of whether to assess the sanction is discretionary. Therefore, we remand for further proceedings for the district court to make findings as to whether a sanction should be assessed in this case and, if so, to determine the proper amount of the sanction consistent with the provisions of the guidelines.

2

FACTUAL AND PROCEDURAL BACKGROUND

The facts herein are mostly undisputed but the record for our review is somewhat sketchy. LaDonna and Hal J. Johnson (Hal) were divorced on September 11, 2007. The parties have one minor child, W.A.J., and the decree of divorce designated LaDonna as W.A.J.'s primary residential custodian. The divorce decree ordered Hal to pay $478 per month in child support. Additionally, Hal was ordered to pay spousal maintenance in the amount of $1,180 per month for 72 consecutive months.

Before and after the divorce, Hal was employed at Spirit Aerosystems (Spirit) in Wichita. In January 2012, Hal resigned his position at Spirit and moved to Seattle, Washington, to accept a position with The Boeing Company (Boeing). Hal's income increased when he started his new job at Boeing. LaDonna was aware of Hal's move to Washington, but Hal did not notify her that he had received an increase in income.

On October 3, 2012, LaDonna filed a motion to modify child support due to a material change in circumstances and to determine Hal's arrearage in child support and spousal maintenance. At the hearing on LaDonna's motion, her attorney generally addressed the April 2012 amendments to the guidelines adopted by Kansas Supreme Court Administrative Order No. 261. See Guidelines (2013 Kan. Ct. R. Annot. 123). Counsel argued that the guidelines "beefed . . . up" the duty to disclose a material change in circumstances by specifically allowing district courts to sanction a party for breaching that duty. Counsel noted that one such sanction is for the district court to determine the dollar value of the party's failure to disclose and assess the amount in addition to the Line F.3 child support amount. See Guidelines § V.B.2. Counsel asked the district court to order that Hal pay the difference between his former and modified child support obligation beginning April 1, 2012—the date the amendments to the guidelines took effect.

3

Hal's attorney also generally referred to the April 2012 amendments to the guidelines. Counsel asserted that Hal was not aware of the amendments and thus it would not be reasonable for the district court to penalize him for breaching the duty to notify of a material change in circumstances. Counsel asserted that the effective date of any increase in child support should be November 1, 2012—1 month after LaDonna filed her motion to modify.

On March 18, 2013, the district court filed its decision and modified Hal's child support payment to $1,279 per month. The district court noted that "[a]lthough it would have been better had dad notified mom of his increase in compensation, he may not have realized that." Nevertheless, the district court found that the shortfall between the amount of child support that Hal should have been paying ($1,279 per month) and the amount that he was actually paying ($478 per month) was $801 per month. The district court determined that Hal was in arrears at the rate of $801 per month commencing July 1, 2012, rather than November 1, 2012. The total child support arrearage was $7,209 (9 months at $801 per month). The district court ordered Hal to pay the child support arrearage at the rate of $801 per month commencing in September 2013, which was the time the district court believed spousal maintenance was scheduled to terminate. The district court ordered that no interest would accrue on the child support arrearage unless Hal was more than 15 days late in making any arrearage payment.

Hal filed a motion to reconsider, which is not included in the record on appeal, and the district court held a hearing on Hal's motion on April 16, 2013. At the hearing, Hal's attorney argued that the district court's March 18, 2013, order modifying child support violated K.S.A. 2013 Supp. 23-3005(b). Counsel asserted that pursuant to the statute, the district court could not "impose a retroactive child support obligation" prior to November 1, 2012—1 month after LaDonna filed her motion to modify. LaDonna's attorney disagreed, arguing that the district court correctly found Hal was in arrears for the difference in child support commencing July 1, 2012. Counsel argued that the district

4

court had not retroactively modified Hal's child support obligation but rather had sanctioned Hal for his failure to disclose a material change in circumstances. The district court instructed counsel for both parties to brief the issue.

On June 2, 2013, the district court rendered a second decision setting aside the portion of its March 18, 2013, decision that ordered Hal to pay an arrearage of child support commencing July 1, 2012. After stating that K.S.A. 2013 Supp. 23-3005(b) was controlling, the district court found:

"Absent a provision in the journal entry mandating both parties to inform one another of any changes in their income, to hold that dad's failure to report his increase in compensation mandates a retroactive increase in child support would compromise and greatly undermine the intent of KSA 23-3005(b). That is the prerogative of the legislature, not the court. As such, the retroactive child support starts 11-1-12."

On August 7, 2013, the district court filed an amended order memorializing both the hearing on LaDonna's motion to modify child support and the hearing on Hal's motion to reconsider. The district court set Hal's child support at $1,216 per month but ordered the amount of child support would increase to $1,380 per month commencing on September 1, 2013, pursuant to the child support worksheet. The district court further ordered that "retroactive support" would be imposed starting on November 1, 2012. The district court also found that Hal had accrued an arrearage of $2,180.88 in spousal maintenance as of June 30, 2013, and ordered him to begin paying the arrearage on September 1, 2013. Again, the district court ordered that no interest would accrue on the spousal maintenance arrearage unless Hal was more than 15 days late making any arrearage payment. LaDonna timely appealed the district court's judgment.

5

DOES K.S.A. 2013 SUPP. 23-3005(b) PROHIBIT THE DISTRICT COURT FROM ASSESSING A SANCTION UNDER SECTION V.B.2. OF THE GUIDELINES?

LaDonna's primary argument on appeal is that the district court erred in ruling that K.S.A. 2013 Supp. 23-3005(b) prohibits the district court from assessing a sanction under Section V.B.2. of the guidelines. She contends that the statute governs modification of child support; whereas, the relevant section of the guidelines allows a district court to assess a sanction in response to a party's breach of the duty to disclose a material change in circumstances. LaDonna asserts that the two provisions cannot be in conflict because it is not possible to determine the dollar value of a party's failure to disclose until the district court has modified child support. She concludes that the district court should have awarded as a sanction the dollar value of Hal's failure to disclose an increase in his income and that the sanction should have been calculated beginning April 1, 2012.

Hal responds that the district court's ruling was not in error. He argues that K.S.A. 2013 Supp. 23-3005(b) clearly states that a court may only make a modification of child support retroactive to a date at least 1 month after the date that the motion to modify was filed. Hal asserts that absent the legislative enactment of a sanction for failure to disclose financial information, our Supreme Court cannot impose such a sanction through the guidelines. Alternatively, even if Section V.B.2. of the guidelines does not conflict with K.S.A. 2013 Supp. 23-3005(b), Hal argues that the district court's decision of whether to assess the sanction is discretionary. Under the facts of this case, Hal concludes that the district court's order that he pay the difference between his previous and modified child support obligation beginning November 1, 2012, was not an abuse of discretion.

The parties agree on our standard of review. A district court's child support award is generally reviewed for abuse of discretion. *In re Marriage of Wilson*, 43 Kan. App. 2d 258, 259, 223 P.3d 815 (2010). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is

6

based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013). However, the interpretation and application of the guidelines are questions of law subject to unlimited review. *In re Marriage of Matthews*, 40 Kan. App. 2d 422, 425, 193 P.3d 466 (2008), *rev. denied* 288 Kan. 831 (2009). Also, the interpretation of a statute is a question of law over which appellate courts have unlimited review. *Jeanes v. Bank of America*, 296 Kan. 870, 873, 295 P.3d 1045 (2013).

The parties' arguments on appeal center upon the application of and the interaction between K.S.A. 2013 Supp. 23-3005(b) and Section V.B.2. of the guidelines. K.S.A. 2013 Supp. 23-3005(b) states: "The court may make a modification of child support retroactive to a date at least one month after the date that the motion to modify was filed with the court." Hal argues that based on this statutory provision, the district court was not permitted to impose a retroactive child support modification prior to November 1, 2012—1 month after LaDonna filed her motion to modify.

LaDonna argues that the district court did not retroactively modify Hal's child support obligation but rather sanctioned Hal for his failure to disclose a material change in circumstances. Since 1994, the guidelines have provided that "[a] parent shall notify the other parent of any change of financial circumstances including, but not necessarily limited to, income, work-related child care costs, and health insurance premiums which, if changed, could constitute a material change of circumstances." Guidelines § V.B.1. (2013 Kan. Ct. R. Annot. 144); see Kansas Supreme Court Administrative Order No. 90, Guidelines § VI.A. (1994 Kan. Ct. R. Annot. 100). But until the April 2012 amendments, the guidelines did not provide a sanction for a parent's failure to disclose a material change of circumstances.

In April 2012, the Kansas Supreme Court adopted Administrative Order No. 261 which added Section V.B.2. of the guidelines to provide, in part, as follows:

"V.B.2. Duty to Notify: In the event of a failure to disclose a material change of circumstances, such as the understatement, overstatement, or concealment of financial information, as a result of such breach of duty, the court may determine the dollar value of a party's failure to disclose, and assess the amount in the form of a credit on the Line F.3 child support amount or an amount in addition to Line F.3 child support amount. The court may also adopt other sanctions." (2013 Kan. Ct. R. Annot. 144).

Here, the district court apparently relied on the new provisions in Section V.B.2. of the guidelines and initially sanctioned Hal for his failure to disclose a material change in circumstances. In its March 18, 2013, decision, the district court found that "[t]he shortfall between the amount that should have been paid ($1,279/mo.) and the amount that was paid ($478/mo.) is $801/month." This calculation is consistent with Section V.B.2. of the guidelines, which states that a court may determine "the dollar value of a party's failure to disclose" as a sanction. (2013 Kan. Ct. R. Annot. 144). The district court then determined that Hal was in arrears at the rate of $801 per month commencing July 1, 2012, rather than November 1, 2012, although the district court did not explain why it chose July 1, 2012, as the effective date of the arrearage. Later, the district court modified its original ruling, finding that K.S.A. 2013 Supp. 23-3005(b) was controlling, and ordered that the "retroactive support" would be imposed starting on November 1, 2012.

On appeal, Hal argues that K.S.A. 2013 Supp. 23-3005(b), which governs the extent that a modification of child support can be applied retroactively, preempts the sanction provisions of Section V.B.2. of the guidelines for a parent's failure to disclose a material change of circumstances. Hal asserts that absent the legislative enactment of a sanction for failure to disclose financial information, our Supreme Court cannot impose such a sanction through the guidelines. We disagree. K.S.A. 2013 Supp. 23-3005(b) provides that a child support modification can only be retroactive to a date at least 1 month after the date that the motion to modify was filed. But when a child support modification is coupled with a parent's failure to disclose a material change of circumstances, the guidelines now allow the district court to assess a sanction for the

8

parent's failure to disclose the material change of circumstances. The child support modification authorized by statute typically is based on a change in a parent's income that constitutes a material change of circumstances. But the additional sanction under the guidelines is for a parent's *failure to disclose* the material change of circumstances in the first place. These are two separate issues; consequently, the sanction provisions of Section V.B.2. of the guidelines do not conflict with the statute.

Hal also argues that even if Section V.B.2. of the guidelines does not conflict with K.S.A. 2013 Supp. 23-3005(b), the district court's decision of whether to assess the sanction is discretionary. In district court, Hal's attorney asserted that Hal was not aware of the April 2012 amendments to the guidelines and thus it was not reasonable for the district court to penalize him for breaching the duty to notify of a material change in circumstances. This argument possibly had some impact on the district court because the court noted in its initial ruling that "[a]lthough it would have been better had dad notified mom of his increase in compensation, he may not have realized that." But Section V.B.2. of the guidelines provides that "[i]n the event of a failure to disclose a material change of circumstances . . . the court may [assess a sanction]." (2013 Kan. Ct. R. Annot. 144). This language allows the district court to assess a sanction for a parent's failure to disclose a material change of circumstances, even if the failure to disclose is not willful.

We conclude that the district court erred when it determined as a matter of law that K.S.A. 2013 Supp. 23-3005(b) prohibits the district court from assessing a sanction under Section V.B.2. of the guidelines for a parent's failure to disclose a material change of circumstances. But Hal is correct in arguing that the district court's decision of whether to assess the sanction is discretionary. Section V.B.2. of the guidelines provides that in the event of a failure to disclose a material change of circumstances, "the court *may* determine the dollar value of a party's failure to disclose, and assess the amount . . . in addition to Line F.3 child support amount. The court *may* also adopt other sanctions." (Emphasis added.) (2013 Kan. Ct. R. Annot. 144). Therefore, we remand for further

9

proceedings for the district court to make findings as to whether a sanction should be assessed in this case and, if so, to determine the proper amount of the sanction consistent with the provisions of the guidelines.

As a final matter, LaDonna also claims the district court erred by ordering that interest would not immediately accrue on the judgment for past due child support and spousal maintenance. In assessing the judgment for past due child support and spousal maintenance, the district court ordered that no interest would accrue on the judgment unless Hal was more than 15 days late in making any arrearage payment. LaDonna argues that the district court's order on postjudgment interest violates the plain language of K.S.A. 16-204(d).

In his brief, Hal concedes this issue and requests only that the postjudgment interest begins to accrue on August 7, 2013, which is the date the final judgment was entered in district court. In oral argument before this court, LaDonna's attorney agreed that August 7, 2013, was the effective date of the judgment for past due child support and spousal maintenance. Based upon the agreement of the parties, we conclude the district court erred by ordering that no interest would accrue on the judgment for past due child support and spousal maintenance unless Hal was more than 15 days late in making any arrearage payment. We remand with directions for the district court to order that postjudgment interest for past due child support and spousal maintenance begins to accrue on August 7, 2013, the date the judgment was entered in district court.

Reversed and remanded with directions.

* * *

POWELL, J., concurring: I support the majority's opinion as far as it goes, but I write separately because the majority's brief discussion of the proper sanction to be

10

imposed, should the district court decide to impose a sanction, leaves me wanting. While I wholeheartedly agree that the decision on whether to impose a sanction for a failure to disclose a material change in circumstance is left to the considered discretion of the district court, I fear that the majority's directive—"to determine the proper amount of the sanction consistent with the provisions of the guidelines"—lacks sufficient specificity as to what such a sanction should be and invites further appeals in this case.

In addition to the other issues LaDonna raises on appeal, she challenges the district court's initial decision to limit the sanction. Recall that the district court ordered the increased child support effective November 1, 2012, since LaDonna did not file her motion to modify child support until October. Hal's increased income became effective in January, but the district court only imposed a sanction equal to the difference in the child support Hal paid for the months of July through October versus the child support he should have paid had he timely disclosed his increased income. The majority's opinion leaves open the possibility for the district court to simply reimpose this sanction. I believe such an order is contrary to the guidelines.

LaDonna argues, and I agree, that the Kansas Child Support Guidelines § V.B.2. (2013 Kan. Ct. R. Annot. 144) requires a greater sanction than the one imposed here by the district court. It is a cardinal rule of statutory (or in this case, a rule) construction that a provision should not be interpreted as to render some language mere surplusage. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 918, 296 P.3d 1106 (2013); *State v. Van Hoet*, 277 Kan. 815, 826-27, 89 P.3d 606 (2004). Language should also be interpreted in the context of the whole and consistent with the purposes envisioned by the regulatory provision. See *Van Hoet*, 277 Kan. at 826 (quoting *Robinett v. The Haskell Co.*, 270 Kan. 95, 100-01, 12 P.3d 411 [2000]).

Section V.B.2. of the guidelines states:

11

"In the event of a failure to disclose a material change of circumstances, such as the understatement, overstatement, or concealment of financial information, as a result of such breach of duty, the court may determine the dollar value of a party's failure to disclose, and assess the amount in the form of a credit on the Line F.3 child support amount or an amount in addition to Line F.3 child support amount. The court may also adopt other sanctions." (2013 Kan. Ct. R. Annot. 144).

If, as the majority suggests, the district court has wide discretion to impose whatever sanction it deems appropriate in a particular case, then the specific language in the guidelines quoted above becomes unnecessary.

Moreover, in my view, when the Child Support Guidelines Committee and our Supreme Court approved this language, they meant, at a minimum, for a specific sanction to be equal to the benefit gained from a failure to disclose a material change in circumstance to be imposed should the district court deem a sanction to be warranted. Hence, the specific language in Section V.B.2. quoted above. This makes sense; the whole purpose of the sanction provision is to provide an incentive for a party to disclose a material change in circumstance. Without the certainty that a sanction will be equal to the benefit gained from a failure to disclose, parties will always have an incentive to conceal material information and attempt to "roll the dice" in court should their concealment be discovered. Moreover, consistent with this view, the "other sanctions" provision in the guidelines provides for the district court to impose additional sanctions, such as attorney fees, to assure that all the costs associated with attempting to recoup lost child support can be reimbursed.

The duty to disclose a material change in circumstance in the child support context is the linchpin of our child support guidelines because child support is based on both parties' incomes. A child support recipient is unlikely to be aware of any substantial increase in the other party's income, while a child support obligor has a disincentive to

disclose significant changes in income that would result in an increase in child support payments. The changes to Section V.B.2. of the guidelines allowing for a sanction were designed to compel a child support obligor to timely disclose a material change in circumstance while, at the same time, leave some discretion to the district court to account for the varying circumstances of each individual case.

Upon remand, should the district court deem a sanction appropriate in this case, I would order that the guidelines direct it to impose a sanction equal to the amount of child support to which LaDonna would have otherwise been entitled had she been timely informed of Hal's increase in income, minus the child support actually paid by Hal during the relevant period, plus any other sanctions, such as attorney fees, the district court sees fit in its discretion to impose.