NOT DESIGNATED FOR PUBLICATION

No. 121,023

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

TIMOTHY GRONLIE,
*Appellee*,

and

RACHELLE LYNN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFF DEWEY, judge. Opinion filed October 2, 2020. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Andrew L. Foulston* and *Jennifer M. Hill*, of McDonald Tinker PA, of Wichita, for appellee.

Before GREEN, P.J., STANDRIDGE, J., and MCANANY, S.J.

PER CURIAM: The issue before us is whether, as appellant Rachelle Lynn contends in the "Nature of the Case" section of her appellate brief, "the District Court erred in not making its new child support order retroactive to the date of the eldest child's aging out." We conclude that, under the circumstances of this case, the district court did not abuse its discretion in establishing the effective date of its support order, and we affirm.

Timothy Gronlie and Rachelle Lynn were divorced in February 2005. They had shared custody of their two minor children. Timothy was ordered to pay child support.

1

In February 2009, the district court modified child support to require Timothy to pay Rachelle $1,703 per month in child support for the two minor children. The order provided that this $1,703 in monthly support was to be paid pursuant to an income withholding order. In addition, the district court ordered Timothy to pay Rachelle 5.79% of his income in excess of $400,000, but Timothy's total child support obligation for the two minor children was not to exceed $2,000 per month. An income withholding order was issued for $1,703 per month.

In May 2016, the district court trustee issued an amended income withholding order for $851.50 per month, to commence on July 1, 2016, based on the parties' older child turning 18 and graduating from high school. See K.S.A. 2019 Supp. 23-3001(b)(2).

Rachelle told Timothy that the order that he pay 5.79% of his income in excess of $400,000, up to a maximum of $2,000 per month, was still in effect. So Timothy continued to pay Rachelle $2,000 per month in child support through the remainder of 2016.

In October 2017, the case manager assigned to the case moved to withdraw, citing lack of activity in the case. The district court granted the case manager's motion.

In November 2017, in response to the case manager's withdrawal, Rachelle moved the court to, among other things, modify child support. The district court entered a temporary order that Timothy pay up to $12,000—$1,000 per month—in child support while the matter was being reviewed. Timothy made $1,000 payments for the months of January through November 2017. (The court ultimately made its new support order effective December 1, 2017.)

The district court conducted an evidentiary hearing on September 26, 2018, and December 19, 2018. The court ruled on December 21, 2018, that there had been material changes in circumstances since the child support was last addressed in 2008: (1) Rachelle's income had increased significantly, (2) the parties' older child had reached the age of majority and had finished high school so Timothy was no longer obliged to provide child support for him, (3) the remaining minor child had moved into a higher age category for computing support, and (4) Timothy was now obliged to support two additional children who were not children from his marriage to Rachelle. The district court also found that "father is current on his child support obligation through November 30, 2017." The court determined that child support for the couple's remaining minor child should be calculated using the multi-family adjustment and ordered Timothy to pay Rachelle $1,160 per month in child support commencing December 1, 2017, the first day of the month after Rachelle filed her motion to modify child support.

Rachelle appealed, claiming the district court abused its discretion in setting December 1, 2017, as the effective date for its current child support order.

We apply the abuse of discretion standard in reviewing the district court's decision to make its order effective December 1, 2017. See *In re Marriage of Johnson*, 50 Kan. App. 2d 687, 691, 336 P.3d 330 (2014). A district court abuses its discretion when its ruling is based on an error of fact or law or is one which no reasonable judge would make. 50 Kan. App. 2d at 691-92. There does not appear to be a factual dispute regarding the payments Timothy made to Rachelle for support of their remaining minor child after the older child reached the age of majority.

When the parties' older child reached the age of majority and completed high school, the district court trustee issued a modified withholding order that simply reduced by half the outstanding withholding order from $1,703 to $851.50 to affect a change in Timothy's basic support obligation from two minor children to one. This would have

3

been found proper under *Brady v. Brady*, 225 Kan. 485, 492, 592 P.2d 865 (1979). But Kansas has since adopted child support guidelines. Since the adoption of the guidelines, child support for the remaining minor child is to be recalculated based on the guidelines. It was not proper to simply reduce Timothy's support obligation proportionally—as in *Brady*—based upon one of the parties' two children aging out of the child support system. See *In re Marriage of Winsky*, 42 Kan. App. 2d 69, Syl. ¶ 3, 209 P.3d 355 (2009). The district court's recalculation of Timothy's child support for the remaining minor child corrected this error. The correctness of the amount of child support ordered is not at issue. The issue is when the order should have been made effective.

Under K.S.A. 2019 Supp. 23-3005(b), orders modifying child support are generally "retroactive to the first day of the month following the filing of the motion to modify." That is what the district court did here. But under K.S.A. 2019 Supp. 23-3001(b), child support automatically terminates once a child gains majority unless the parties have entered into a contrary written agreement approved by the court. There was no such court-approved agreement for Timothy to continue supporting his older son once he aged out of the child support system.

One would normally expect that the district court's order correcting the erroneous recalculation of Timothy's child support obligation would have been effective July 1, 2016, to avoid a total gap in support for the younger child while the amount of his support was being litigated. But here, Timothy continued to pay support in excess of what the court ultimately determined he was required to pay for his remaining minor child. The district court recognized this fact in finding that "father is current on his child support obligation through November 30, 2017."

The total amount of support Timothy paid for his younger child over the period between the older child aging out of the child support system and the effective date of the court's new support order, December 1, 2017, was $23,000. This exceeded by $3,280 the

4

amount Timothy would have been required to pay in support for his younger child had the order been made effective July 1, 2016, the effective date advanced by Rachelle in this appeal.

Under these circumstances, the district court fully protected the parties' minor child in selecting December 1, 2017, as the effective date of the new support order. Timothy paid more for the support of his younger child than the court ultimately ordered him to pay. The district court did not abuse its discretion in using December 1, 2017, as the effective date of the new support order.

Affirmed.