NOT DESIGNATED FOR PUBLICATION

No. 127,809

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of
AUSTIN KYLE BROWN,
*Appellee*,

and

BLAIZE MIRACLE CLARK,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FRANCESSCA MONTES-WILLIAMS, judge. Submitted without oral argument. Opinion filed July 18, 2025. Affirmed.

*Julia A. Leth-Perez*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Stephen M. Turley*, *Krystle M.S. Dalke*, of Hinkle Law Firm LLC, of Wichita, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and BRUNS, JJ.

PER CURIAM: Blaize Miracle Clark appeals from several of the district court's rulings in a divorce action filed by Austin Kyle Brown. It is undisputed the couple entered into a common law marriage and have two minor children. The parties agreed to joint legal custody and shared residency of the children. In addition, they agreed that Brown should pay the childrens' direct expenses. On appeal, Clark contends that the district court erred in several ways. But based on our review of the record, we conclude that the district court properly applied Kansas law and appropriately exercised its discretion. Thus, we affirm.

1

FACTS

In 2016, the parties—who have two minor children together—entered into a common law marriage. In January of 2021, Brown filed a petition for divorce, and Clark timely filed both an answer and counterclaim. The district court subsequently ordered the parties to participate in domestic conciliation. And on June 4, 2021, the conciliator adopted the 3-1-3 shared residential custody schedule the parties had been following—but recommended changing the schedule once mom finished school.

The district court later held a temporary motions hearing on May 17, 2022. At the hearing, the district court ordered a change to a 2-2-3 shared residential custody schedule over Clark's objection. In addition, the district court ordered Brown to pay $980 a month in temporary spousal maintenance beginning on June 1, 2022. However, the district court noted that a child support worksheet was not filed in this case until March 18, 2022. In calculating temporary child support, the district court applied an equal time adjustment and considered the fact that Brown was paying the children's direct expenses. The child support payments were ultimately calculated to be only $17 a month. But the district court determined that it was not in the children's best interests to pay this nominal amount.

Afterwards, the district court held a bench trial which began on January 18, 2024, and continued on February 7, 2024. Here, both parties testified and presented exhibits that the district court considered when making its rulings. The district court subsequently granted the parties a divorce, valued the parties' assets, divided their property and debt, and awarded spousal maintenance in a journal entry filed on April 9, 2024. Additionally, the district court approved the parties' parenting plan which specified joint legal custody and shared residency of the children. Neither party was ordered to pay the other child support. But the district court did require the parties to pay their own attorney fees.

2

Material to the issues presented on appeal, the district court awarded Brown the parties' real estate, his 401(k) account, and a 2014 Audi. The district court also ordered Brown to be responsible for the real estate mortgage, the Audi car loan, another loan, and tax liability for 2021. On the other hand, the district court awarded Clark a 2018 Honda CRV as well as a tax refund for 2021. And the district court ordered Clark to be responsible for the Honda car loan. After dividing the property and assigning the debt, the district court found that no equalization payment should be ordered.

In considering child support, the district court ordered Brown to continue to pay the children's direct expenses as previously agreed to by the parties. Based on the district court's calculations—including application of an equal time adjustment—it found that the Kansas Child Support Guidelines would only require Brown to pay Clark $17 a month. Because it deemed this amount to be nominal, the district court found that the child support should remain at $0. But this was only because Brown was required to continue paying for the children's direct expenses. The district court had also previously found this arrangement to be in the best interest of the children when ruling on the temporary orders.

Turning to spousal maintenance, the district court noted that Brown had failed to notify Clark of an increase in his income during the pendency of the divorce action. It also noted that Brown received $500 monthly—from his girlfriend— for living expenses which he had not reported. And nothing in the record suggests that Clark requested the district court to order sanctions against Brown for failing to disclose this information. Still, the district court took the nondisclosure—as well as the disparity in the parties' incomes—into account in ordering that Brown be required to pay Clark $980 a month in spousal maintenance for an additional nine months.

Thereafter, Clark timely filed a notice of appeal.

ANALYSIS

*Issues Presented*

On appeal, Clark raises three issues: First, whether the district court erred in declining to order Brown to pay child support from February 1, 2021; second, whether the district court erred in dividing the parties' assets and debts; and third, whether the district court erred in failing to order sanctions against Brown under the Kansas Child Support Guidelines.

*Retroactivity of Child Support*

Although Clark's argument on this issue is somewhat difficult to follow, it appears that she is asking us to reverse the district court's temporary orders as well as to require it to order retroactive child support starting from the filing of the divorce petition in early 2021. In response, Brown argues that the district court acted within its discretion both when initially considering the request for temporary child support and in issuing its final order in the final journal entry granting the parties a divorce. Based on our review of the record on appeal, we do not find that the district court abused its discretion in considering the question of child support under the unique circumstances presented in this case.

The interpretation of the Kansas Child Support Guidelines presents a question of law subject to our unlimited review. *In re Marriage of Brand*, 273 Kan. 346, 350, 44 P.3d 321 (2002). Even so, we review a district court's child support award for abuse of discretion. A district court only abuses its discretion if its decision is arbitrary, fanciful, or unreasonable, based on an error of law, or based on an error of fact. *In re Spradling*, 315 Kan. 552, 590, 509 P.3d 483 (2022). On appeal, Clark—as the party challenging the district court's ruling—bears the burden of demonstrating an abuse of discretion. *Bicknell v. Kansas Dept. of Revenue*, 315 Kan. 451, 466, 509 P.3d 1211 (2022).

At the outset, we recognize that issues not raised before the district court cannot generally be raised for the first time on appeal. See *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). Likewise, Kansas Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) requires an appellant to provide a "pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court." Whether an issue has been preserved for appeal is a question of law over which we exercise unlimited review. See *Johnson v. Board of Directors of Forest Lakes Master Assn.*, 61 Kan. App. 2d 386, 393, 503 P.3d 1038 (2021).

Here, Clark has not provided us with a citation to the location in the record on appeal where she raised this issue to the district court. Our review of the record reveals that Clark only requested that the district court not include an equal parenting time adjustment in calculating child support at trial. The only plausible support for the suggestion that she preserved the issue of retroactive child support is a mere contention from the pretrial conference order. Still, nothing in the record suggests that Clark sought the retroactive application of child support at trial. Moreover, Clark fails to explain why this question is properly before this court on appeal. Consequently, we conclude that the issue of whether the district court abused its discretion in failing to retroactively order child support has not been adequately preserved for appeal.

Even if the issue had been adequately preserved, we find Clark's argument unpersuasive. She cites no specific provision of K.S.A. 23-3001 et seq. or of the Kansas Child Support Guidelines mandating retroactive application of child support to the date of the filing of the divorce petition. Although K.S.A. 23-3005(a) permits courts to retroactively modify child support orders to the first day of the month after filing a motion to modify, this authority is discretionary and subject to K.S.A. 23-2707, which governs temporary orders. In this case, the district court's decision regarding permanent

child support was consistent with its earlier ruling regarding Clark's request for temporary child support.

We find that the district court adequately explained—both in its temporary orders and in issuing its final judgment—its rationale for setting the child support at $0. The district court determined that, based on the Kansas Child Support Guidelines—after applying the equalization adjustment for shared residency and parenting time—Brown would have to pay Clark only $17 a month in child support. Finding that requiring Brown to make such a nominal payment would not be in the children's best interests, the district court set both temporary and permanent child support at $0.

Based on the district court's explanation, we do not find that it abused its discretion in entering the child support order set forth in the journal entry of judgment. This is particularly true because the district court also ordered Brown to continue to pay the children's direct expenses. As a result, even if retroactive child support had been ordered, Brown's obligation would remain at $0. Similarly, even if the district court should have ordered Brown to pay $17 a month in child support, this would have resulted in an obligation that would have yielded a little more than $200 a year, which would have had a minimal impact on the financial well-being of Clark or the children.

*Division of Assets and Liabilities*

Next, Clark contends that the district court abused its discretion in dividing the parties' assets and liabilities. The division of property and allocation of debt in a divorce action is governed by K.S.A. 23-2801 et seq. A district court has broad discretion when adjusting the property rights of the parties involved in a divorce action. As a result, we review a district court's division of property and debt for abuse of discretion, and we do not disturb a district court's exercise of discretion absent a clear showing of abuse. *In re Marriage of Wherrell*, 274 Kan. 984, 986, 58 P.3d 734 (2002); *In re Marriage of*

6

*Thrailkill*, 57 Kan. App. 2d 244, 261, 452 P.3d 392 (2019). Likewise, we are not to reweigh the evidence or replace our judgment for that of the district court. *In re Marriage of Knoll*, 52 Kan. App. 2d 930, 935, 381 P.3d 490 (2016).

Judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). In other words, a district court abuses its discretion only "if no reasonable person would agree with the court's decision." *Thrailkill*, 57 Kan. App. 2d at 261. The party asserting that the district court abused its discretion—in this case, Clark—bears the burden of showing an abuse of discretion. *Gannon v. State*, 305 Kan. 850, 868, 390 P.3d 461 (2017).

Under K.S.A. 23-2801(a), marital property is all property owned at the time of marriage, including all property acquired by either spouse while married. When determining the division of marital property, a district court must consider the factors set forth in K.S.A. 23-2802(c). Although a district court must divide marital property in a just and reasonable manner, the division need not be equal. *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697, 715, 229 P.3d 1187 (2010).

Based on our review of the record on appeal, we find that the district court considered the parties' testimony, reviewed the exhibits admitted into evidence, and considered the arguments of counsel. In its 10-page journal entry, the district court explained its rationale for how it divided the parties' assets and allocated their debts. We also find that the district court's decision is based on substantial competent evidence and was reasonable in light of the evidence presented. Moreover, based on our review of the record, we find that the district court appropriately applied the law. Although perhaps another district court may have divided the property or allocated the debt differently, it is not our role to replace our judgment for that of the district court.

*Imposition of Sanctions*

Finally, Clark contends that Brown's admitted failure to timely disclose financial information as required by the Kansas Child Support Guidelines should have resulted in the imposition of sanctions. She argues that Brown's failure to disclose his increased income during the pendency of this divorce action led to an unfair calculation of child support and that the district court failed to address the non-disclosure adequately. In response, Brown contends that Clark did not request that the district court order sanctions.

As discussed above, Kansas Supreme Court Rule 6.02(a)(5) requires a pinpoint reference to where an issue was raised and ruled on below. (2025 Kan. S. Ct. R. at 36). But Clark has failed to provide us with such a reference regarding a request for sanctions made to the district court. Based on our review of the record on appeal, we see that Clark's counsel referenced Brown's increased income in closing arguments, but we find no request for sanctions. Because Clark provides no record citation showing that the question of sanctions was either presented to or addressed by the district court, we conclude that she has failed to preserve this issue for appeal. *State v. Allen*, 49 Kan. App. 2d 162, 167, 305 P.3d 702 (2013); see *In re Marriage of L.F. and M.F.*, 65 Kan. App. 2d 175, 200, 562 P.3d 1014 (2025).

Even if this issue had been properly preserved, we find that the district court adequately addressed Brown's failure to disclose his increased income while this action was pending. A district court's decision regarding whether to assess a sanction under the Kansas Child Support Guidelines is discretionary. See *In re Marriage of Johnson*, 50 Kan. App. 2d 687, 694, 336 P.3d 330 (2014). Based on our review of the record on appeal, we do not find that the district court abused its discretion.

8

In the journal entry of judgment, the district court expressly addressed Brown's failure to notify Clark of his increase in income as well as the fact that his girlfriend was paying him $500 a month for living expenses. After weighing these facts, the district court determined that "[b]ased upon the disparity [in] income of the parties, [the] Court orders [Brown] to pay $980 towards spousal support for [nine] additional months from February 1, 2024, through October 31, 2024." We find that extending the spousal support was a reasonable way for the district court to address Brown's non-disclosure rather than altering child support.

CONCLUSION

Based on our review of the record on appeal, we do not find that the district court erred in setting the child support at $0 based on the unique circumstances presented in this case, including—but not limited to—the shared residency arrangement and Brown's payment of the children's direct expenses. We also do not find that the district court abused its discretion in dividing the marital property or allocating their debt. Finally, we do not find that the district court abused its discretion in the way that it addressed Brown's failure to timely disclose his increased income. Therefore, we affirm the district court's decision.

Affirmed.